IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIE K. SCAIFE CHARITABLE FOUNDATION, INC., et al., | )<br>)<br>) 2:20-cv-617-NR-LPL<br>) |
| Plaintiffs, | ) |
| v. | ) |
| PNC BANK, N.A., et al., | ) |
| Defendants. | ) |

<u>**MEMORANDUM ORDER**</u>

**J. Nicholas Ranjan, United States District Judge**

Plaintiffs have objected to Magistrate Judge Lenihan's Report & Recommendation, which recommends that Defendants' motion to dismiss be granted. ECF 52; ECF 53. Magistrate Judge Lenihan recommends that Defendants' motion be granted on two separate grounds: (1) lack of subject matter jurisdiction, and (2) abstention under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Plaintiffs object to both grounds.

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a *de novo* determination of any portions of the R&R to which a party objects. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The Court may also recommit the matter to the magistrate judge with instructions.

After careful consideration, the Court will sustain Plaintiffs' objection as to subject matter jurisdiction; but will overrule Plaintiffs' objection as to *Colorado River* abstention, and adopt that portion of the R&R. In other words, the Court finds that

it has subject matter jurisdiction over this case, but it will stay the case under *Colorado River* abstention principles.

## I. The Court has subject matter jurisdiction as the probate exception does not apply.

Turning first to the Magistrate Judge's recommendation[1] that this case be dismissed for lack of subject matter jurisdiction, this Court respectfully disagrees. The R&R concluded that this Court lacked subject matter jurisdiction because Plaintiffs' case falls within the probate exception to federal subject matter jurisdiction. ECF 52, pp. 11-14. Plaintiffs object to this recommendation. After review, the Court sustains Plaintiffs' objection and concludes that the probate exception does not apply here.

The probate exception is a narrow exception to federal subject matter jurisdiction. *See Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006). The Supreme Court and Third Circuit have made clear that the probate exception applies only if "a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court." *Three Keys Ltd. v. SR Utility Holding Co.*, 540 F.3d 220, 227 (3d Cir. 2008); *see also Marshall*, 547 U.S. at 311-12.

None of these situations apply here. The Magistrate Judge recognized as much, but concluded that Defendants' possible assertion of a third-party indemnification claim against the trust would require the Court to assume *in rem* jurisdiction over the trust, thereby triggering the probate exception. ECF 52, pp. 13-14 ("Should the litigation proceed, however, the Trustees' rights of indemnification under the 1963 Trust Agreement would ultimately render this action one *in rem*, as it would require this Court's ability to exercise jurisdiction over the Trust property;

---

[1] The Court adopts the factual and procedural background of this case outlined in the R&R, and therefore will not repeat it.

this Court could not provide Plaintiffs relief in this action without adjudicating Trustees' entitlement to indemnification. The Court finds this sufficient to give rise to a probate exception bar[.]").

But there is no support to extend the probate exception to cover the possibility that a defendant could assert a third-party indemnification claim in the future. Indeed, this would appear to run counter to the principle that third-party claims are deemed irrelevant for purposes of assessing jurisdiction over a plaintiff's claim. *See, e.g.*, *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 66, n.1 (1996) ("Once federal subject matter jurisdiction is established over the underlying case between plaintiff and defendant, the jurisdictional propriety of each additional claim is to be assessed individually." (cleaned up)); *Adkins v. Illinois Cent. R.R. Co.*, 326 F.3d 828, 835-36 (7th Cir. 2003) ("[W]e must consider whether the existence of a third-party complaint affects the court's subject matter jurisdiction over the original action. We conclude that it does not.").[2]

Moreover, if Defendants seek indemnification from the trust, they can do so in a separate action in state court. The possibility of Defendants' independent indemnification claim does not mean that the probate exception bars Plaintiffs' otherwise *in personam* claim. *See, e.g.*, *Augustine v. Transamerica Life Ins.*, No. 19-cv-601, 2020 WL 5223745, at *3-4 (C.D. Cal. June 12, 2020) (dismissing an

---

[2] This often arises in the context of diversity jurisdiction. A diverse plaintiff sues a diverse defendant, who then brings a third-party claim against a non-diverse party. The lack of diversity jurisdiction over the third-party claim typically will not destroy jurisdiction over the main lawsuit. *See, e.g.*, *Envtl. Air, Inc. v. Wheeling & Lake Erie Ry.*, No. 11-1043, 2012 WL 2065529, at *1 (W.D. Pa. June 7, 2012) (Lancaster, J.) ("Non-diversity between a plaintiff and a third-party defendant does not destroy complete diversity for purposes of subject matter jurisdiction predicated on diversity of citizenship. Therefore, [defendant's] third-party claims against the movants had no effect on this court's subject matter jurisdiction." (cleaned up)). The Court finds that this context is analogous to the present case.

indemnification cross-claim under the probate exception, while retaining jurisdiction over the *in personam* claims).

That said, the Magistrate Judge was right to be concerned about the interconnected nature of this case and a potential indemnification claim against the trust—but those concerns are more appropriately considered in the context of abstention, as discussed below.

In short, Plaintiffs' case is presently an *in personam* action, seeking only monetary damages from Defendants in their individual capacities. Thus, the third category of the probate exception—*in rem* jurisdiction—does not apply. Plaintiffs' objection to the R&R as to subject matter jurisdiction is sustained.

## II. The Court will abstain under *Colorado River* and stay this case.

Turning next to the R&R's recommendation that the Court abstain under *Colorado River*, the Court agrees. Plaintiffs' objection as to abstention is overruled.

On *de novo* review, the Court concludes that Magistrate Judge Lenihan properly weighed the *Colorado River* abstention factors in concluding that abstention is warranted here.[3] ECF 52, pp. 15-19. Accordingly, the Court adopts the R&R's analysis and recommendation to abstain under *Colorado River*. In doing so, the Court

---

[3] The R&R also properly concluded that the case proceeding in state court, and this federal case, are "parallel proceedings." *See Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009) ("The initial question [in deciding whether to abstain under *Colorado River*] is whether there is a parallel state proceeding that raises substantially identical claims and nearly identical allegations and issues." (cleaned up)). The state and federal cases need not be identical, and the "parallel proceeding" requirement tends to be flexible. *See, e.g.*, *NCAA v. Corbett*, 25 F. Supp. 3d 557, 571 (M.D. Pa. 2014) ("[To be parallel], the cases do not need to be precisely identical, but there must be a likelihood that the state litigation will dispose of all the claims presented in the federal case." (cleaned up)). Here, the Court finds that the state case is parallel because it involves largely the same parties, and the state court will decide the very same question at issue in this case: whether the trustees breached their fiduciary duties by not previously separating the trust at issue. *See* ECF 55-6, PDF pp. 7, 28-29 (Rider to Item 14). Thus, the initial requirement for abstention is satisfied.

emphasizes three important considerations.

First, in analyzing whether abstention is appropriate, the Court recognizes its "virtually unflagging obligation" to exercise federal jurisdiction, and that it "should place a thumb on the scales in favor of granting jurisdiction." *Golden Gate Nat'l Sr. Care v. Minich ex rel. Estate of Shaffer*, 629 F. App'x 348, 349-50 (3d Cir. 2015) (citations omitted). Thus, Defendants' burden here is significant.

Second, the Court gives little weight to *Reichman v. Pittsburgh Nat'l Bank*, 465 F.2d 16 (3d Cir. 1972). While Magistrate Judge Lenihan relied on this case in recommending abstention, there is some dispute, as the parties argue, as to whether *Reichman* is good law since it pre-dates *Colorado River*. But given how fact-heavy any abstention analysis is, the Court finds that *Reichman* doesn't dictate the outcome in this case.

Third, despite the presumption in favor of federal jurisdiction, this case presents a series of extraordinary circumstances that weigh in favor of abstention. Magistrate Judge Lenihan carefully and properly weighed the relevant factors, concluding that, on a whole, they favor abstention. This Court agrees with the analysis, and will not repeat it. However, several of the Magistrate Judge's considerations bear emphasis.

For example, as Magistrate Judge Lenihan correctly recognized, this case has a much larger and broader context. It spans into several pieces of related litigation in state court, involving many of the same parties and issues, over which the state-court judge has much more familiarity, if not greater expertise. What's more, the key issue in this case is teed up to be decided by the court in the parallel state case, and by Plaintiffs' own admission, the state court's determination will have res judicata effect. 3/1/21 Tr. at p. 13:12-25. As well, the state-court action has progressed much further than this case (it has an August 2021 trial date; discovery hasn't even begun here). *See* 3/1/21 Tr. at p. 32:17-21; *see, e.g.*, *Moses H. Cone Mem'l Hosp. v. Mercury*

*Constr. Corp.*, 460 U.S. 1, 21-22 (1983) ("[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."). And if Plaintiffs prevail in the state court proceeding, it will trigger indemnification claims by Defendants (which could be decided by the same state court), which will impact the trust proceeds and the other beneficiaries who are not before this Court. To be clear, not all cases against a trust fiduciary must be brought in state court—but the circumstances of this particular case strongly support abstaining in favor of a state forum.

Finally, in abstaining, the Court may either dismiss or stay the case. *Nationwide Mutual Fire Ins. Co.*, 571 F.3d at 307 ("The *Colorado River* doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding."). To alleviate some of Plaintiffs' concerns, the Court finds that a stay, rather than dismissal, is warranted here.[4] If Plaintiffs are prevented from participating in the state case, or the state court opts to not consider the fiduciary-duty claim at issue here, Plaintiffs can move to re-open this case.

Accordingly, Defendants' motion to dismiss (ECF 27; ECF 29) is **GRANTED** insofar as the Court hereby **STAYS** this case pending resolution of the parallel state

---

[4] Additionally and alternatively, the Court has the inherent authority to stay this case in light of the pending state-court action and the other considerations raised in this opinion, and therefore stays this case on that basis, as well. *See Tyler v. Diamond State Port Corp.*, 816 F. App'x 729, 731 (3d Cir. 2020) ("The District Court's power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket." (cleaned up)); *Nicholas v. Wyndham Int'l, Inc.*, 149 F. App'x 79, 81 (3d Cir. 2005) ("In general, the power to temporarily stay proceedings lies within the informed, sound discretion of the district courts." (citations omitted)).

- 7 -

court proceeding.[5]  Further, Plaintiffs' motion to strike (ECF 47) is **DENIED as moot** for the reasons outlined in the R&R.  It is further **ORDERED** that the Clerk of Court shall mark this case as **CLOSED**, subject to any party moving to lift the stay and re-open the case consistent with this order.


DATE: March 5, 2021                         BY THE COURT:

                                            /s/ *J. Nicholas Ranjan*
                                            United States District Judge

---

[5] As the Court is abstaining, it need not address Defendants' Rule 12(b)(6) arguments raised in their motion, nor the observations made as to the merits of this case in Section IV.C of the R&R.